Alfred F. Pepperman and Olga T. Pepperman v. Commissioner.
Pepperman v. Commissioner
Docket No. 92305.
United States Tax Court
T.C. Memo 1963-63; 1963 Tax Ct. Memo LEXIS 281; 22 T.C.M. (CCH) 249; T.C.M. (RIA) 63063; March 4, 1963
*281 Alfred F. Pepperman, pro se, 8122 Versailles St., Matairie, La. James F. Hart, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined by the Commissioner in the income tax of petitioners for the taxable year 1959 in the amount of $591.13. The issues to be decided are whether (1) petitioners' allowable business expense relating to the business use of an automobile was $1,955.95 as claimed by petitioners and (2) petitioners' allowable deductions for contributions to charities amount to $760. Findings of Fact The stipulated facts are found. Petitioners reside at Metairie, Louisiana. They are husband and wife who filed their joint income tax return for the taxable year 1959 with the district director at New Orleans. Petitioner as hereinafter used has reference to Alfred Pepperman unless otherwise indicated. Petitioner is an accountant and CPA who during 1959 was regularly employed as an accountant by Louis J. Roussel in the latter's place of business in the Whitney Building in New Orleans beginning at 7:30 a.m. to 9 a.m. and beginning again at 2 p.m. to 5:30 p.m., Mondays through Fridays of each *282 week. He was also during that time regularly employed as an accounting instructor by the Spencer Business College, which was within four blocks of the Whitney Building, between the hours of 9 a.m. and 2 p.m. of each day mentioned above. Upon weekends and during evenings petitioner was engaged in accounting work for between 10 and 15 other clients. Nearly all of such work was performed at the place of business of such clients. For services rendered to Roussel during 1959 petitioner was paid $6,837. For services rendered Spencer Business College during that year he was paid $3,569.64. For accounting services rendered to clients during the same period he received $703. Of the latter amount, $560 was received from Weil Investment Company for accounting services performed by petitioner at its place of business which was located about three blocks from Spencer Business College. Petitioner did not use an automobile with respect to his employment by either Roussel or Spencer Business College. His wife did not use an automobile with respect to her employment during 1959. On March 1, 1959, in order to go from his home to the places of business of his clients and to make a more favorable *283 impression upon them in an attempt to expand his personal business of accounting, petitioner purchased a new automobile at a price of $3,300. During 1959 the new car was driven 4,563 miles of which about 1,500 miles were for personal use of petitioner's family and about 3,000 miles were driven in travel between petitioner's home and the places of business of his clients where he conducted his personal practice of accountancy. In a schedule attached to his 1959 income tax return petitioner has deducted from his gross taxable income 90 percent of the cost of operation of this automobile for 10 months of 1959. Petitioner's reported total of all his automobile expense is $2,173.28 from which he has subtracted 10 percent representing personal use thereof, or $217.33, thereby arriving at a claimed deductible business expense of $1,955.95. Among the items of such expense is depreciation in the amount of $1,833.33. [1] In his computation thereof petitioner has treated the allocation of use of the automobile as one-third personal and two-thirds business use. Respondent has allowed only $217.33 as a business expense deduction. In doing so he has treated the car use as only 10 percent for business *284 purposes. Petitioner used his new automobile in 1959 one-third for personal and two-thirds for business use. It follows that his automobile expense attributable to business is $1,448.86. Petitioner attended a church on each Sunday during 1959. He made a $10 contribution on each occasion. Other contributions made by petitioners during 1959 amounted in aggregate to $265. [2] Total contributions reported on petitioners' return as deductible are in the amount of $760. Petitioners' total deductible contributions for 1959 amount to $785. Opinion The evidence here adduced by petitioner which is undisputed by any evidence offered or introduced by respondent leads to the ultimate facts which we have found which are in turn dispositive of the issues before us. *285 We are convinced that petitioner's use of his new automobile was more than 10 percent for business purposes during 1959, but it is not clear that such use was 90 percent as petitioner has reported in his return. In fact, his testimony regarding the portion of the total 1959 mileage of the car which was for business purposes is in accordance with our finding that that portion represents only two-thirds of the total mileage. We also note that in computing deductible depreciation petitioner has used that proportion. Respondent has conceded all deductions taken for contributions by petitioners except that which was claimed for contributions to "Catholic Churches" which he has disallowed in toto. The testimony of petitioner regarding the latter contributions is probative and no evidence has been offered by respondent in refutation thereof. The fact that petitioner kept no account of such contributions does not nullify his oral testimony that he regularly attended such churches and on each Sunday contributed $10. We think such contributions are not inconsistent with the reported gross income of petitioners and the overall pattern of their other contributions which respondent concedes *286 were made in some cases in even greater amounts than are claimed on petitioners' return. Decision will be entered under Rule 50. Footnotes
1. In the statement attached to his deficiency notice, respondent has not disputed petitioner's computation of depreciation or any other item of automobile expense, but has by implication approved the same.↩
2. This fact is stipulated. In so stipulating, respondent has increased the amount reported on petitioners' return as having been contributed to United Fund by $10 and that to Kenner Methodist Church by $40.↩